Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, SBN 303056
(gl@haffnerlawyers.com)
HAFFNER LAW PC
445 South Figueroa St., Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff,
FRANK LEITZBACH

Robert R. Roginson, CA Bar No. 185286
robert.roginson@ogletreedeakins.com
Evan R. Moses, CA Bar No. 198099
evan.moses@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Christopher J. Archibald, CA Bar No. 253075
christopher.archibald@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Defendant,
ATLAS VAN LINES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEITZBACH, an individual; on behalf of himself and all other similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>ATLAS VAN LINES, INC.; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 2:16-cv-08790-GW-E<br><br>**JOINT STIPULATION OF CLASS ACTION SETTLEMENT** |

## STIPULATION OF CLASS ACTION SETTLEMENT

IT IS HEREBY STIPULATED, by and between Plaintiff Frank Leitzbach, on behalf of himself and the Settlement Class Members, on the one hand, and Defendant Atlas Van Lines, Inc., on the other hand, and subject to the approval of the Court, that the Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Joint Stipulation of Class Action Settlement and that the Court shall make and enter judgment subject to the definitions, recitals and terms set forth herein which by this reference become an integral part of this Agreement:

## DEFINITIONS

1.    "Action" means *Frank Leitzbach, an individual, on behalf of himself and all others similarly situated v. Atlas Van Lines, Inc., and DOES 1 through 50 inclusive*, filed on October 25, 2016, in the Los Angeles County Superior Court, and assigned case number BC638058, and removed to the United States District Court for the Central District of California on November 28, 2016, where it was assigned case number 2:16-cv-08790-GW-E.

2.    "Agreement" means this Joint Stipulation of Class Action Settlement.

3.    "CAFA Notice" shall mean the notice of this Agreement required to be served by Defendant on the appropriate federal and state agencies as required by 28 U.S.C. § 1715(b).

4.    "Claim Form" means the document that Class Members must complete and postmark or fax by the Response Deadline to receive a proportional share of the Net Settlement Amount in the form of an Individual Settlement Payment.

5.    "Class" and "Class Members" means all current and former California resident drivers who qualified to drive under Defendant's United States Department of Transportation Authority at any time from October 25, 2012 through the Preliminary Approval Date and who actually contracted and drove for Defendant or one of its Agents during that period.  Defendant represents that, as of November 15, 2017, there are 494 such drivers who comprise the entire Class.  Defendant also

1

represents that the information it has provided to Plaintiff and the claims administrator regarding the length of qualification of each class member is accurate.

6. "Class Counsel" means Joshua H. Haffner and Graham G. Lambert of Haffner Law PC.

7. "Class Counsel Award" means attorneys' fees for Class Counsel's litigation and resolution of this Action and their expenses and costs incurred in connection with the Action, paid from the Gross Settlement Fund.

8. "Class Information" means information regarding Class Members that Defendant will in good faith compile from its records and provide to the Settlement Administrator. It shall be formatted as a Microsoft Excel spreadsheet and shall include: each Class Member's full name; last known address; last known home telephone number; Social Security number; start date(s) of qualification; and end date(s) of qualification during the period from October 25, 2012 through the Preliminary Approval Date.

9. "Class Representative" means Frank Leitzbach.

10. "Class Representative Service Award" means the amount that the Court authorizes to be paid to the Class Representative, in addition to his Individual Settlement Payment, in recognition of his efforts and risks in assisting with the prosecution of the Action and in exchange for executing a General Release of Defendant, except as provided in paragraph 47(b).

11. "Compensable Workweeks" means the number of workweeks during which Class Members qualified to drive and did drive under Defendant's United States Department of Transportation Authority during the period from October 25, 2012 through the Preliminary Approval Date. Using the Class Information, the Settlement Administrator will calculate the number of Compensable Workweeks by calculating the number of days each Class Member was qualified to drive under Defendant's United States Department of Transportation Authority during the period from October 25, 2012 through the Preliminary Approval Date, dividing by seven

(7), and rounding up to the nearest whole number.

12. "Court" means the United States District Court for the Central District of California.

13. "Counsel for Defendant" means Evan R. Moses, Robert R. Roginson, and Christopher J. Archibald of the law firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

14. "Covered Period" means the period from October 25, 2012 through the Preliminary Approval Date.

15. "Defendant" means Atlas Van Lines, Inc., and its past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers.

16. "Effective Date" means the date sixty (60) days after the date upon which the Court grants final approval of the Settlement if within the sixty (60) days no notice of appeal or motion for an extension of time to file a notice of appeal is filed; or if a timely appeal is initiated, the Effective Date shall be the date of final resolution of that appeal (including any requests for rehearing and/or petitions for certiorari), resulting in final judicial approval of the Settlement.

17. "Final Approval Order" means the Court's order granting final approval of the Settlement, which will constitute a "judgment" within the meaning of Federal Rule of Civil Procedure 58(a).

18. "Gross Settlement Fund" means One Million Four Hundred Eighty Thousand Dollars ($1,480,000), which sum includes the Individual Settlement Payments, Class Counsel Award, Class Representative Service Award, PAGA Payment, required withholdings from Individual Settlement Payments, employer tax contributions, and Settlement Administration Costs. This is a non-reversionary settlement. In no event shall Defendant be liable for more than $1,480,000 as a

result of this Settlement.

19. "Individual Settlement Payment" means the amount payable from the Net Settlement Amount to each Participating Class Member.

20. "Net Settlement Amount" means the Gross Settlement Fund, less Class Counsel Award, Class Representative Service Award, PAGA Payment, required withholdings from Individual Settlement Payments, employer tax contributions, and Settlement Administration Costs.

21. "Notice Packet" means the Notice of Proposed Class Action Settlement and Claim Form, substantially in the forms attached as Exhibits 1 and 2, respectively.

22. "PAGA Payment" means payment to the California Labor and Workforce Development Agency under the Private Attorneys General Act of 2004.

23. "Participating Class Member" means a Class Member who submits a valid Claim Form.

24. "Parties" means Plaintiff and Defendant, collectively, and "Party" shall mean either Plaintiff or Defendant, individually.

25. "Payment Ratio" means the respective Compensable Workweeks for each Participating Class Member divided by the total Compensable Workweeks for all Participating Class Members.

26. "Plaintiff" means Frank Leitzbach.

27. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

28. "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, ordering the mailing of the Notice Packet and scheduling the Fairness Hearing.

29. "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator into which the Gross Settlement Fund shall be deposited and disbursements from it shall be made.

30.   "Released Claims" means all claims alleged or that could have been alleged in the operative complaint based on the facts, allegations, and legal theories raised in the operative complaint including all of the following claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever (whether or not the factual cause of the alleged underpayment or violation was alleged with particularity in the operative complaint): (a) failure to pay minimum wages, straight time wages, or overtime wages; (b) failure to provide proper meal and rest periods, to properly provide premium pay in lieu thereof, or to properly calculate premium pay in lieu of meal and rest periods; (c) failure to reimburse or indemnify employees for losses or expenditures incurred; (d) failure to provide complete and/or accurate wage statements; (e) failure to timely pay wages due or final wages due; (f) unfair business practices; (g) civil penalties under the Private Attorneys General Act ("PAGA"); (h) misclassification of employees as independent contractors; (i) willful misclassification of employees as independent contractors; (j) any other claims or penalties under the wage and hour laws pleaded in the Action; (k) any other claims or penalties under the wage and hour laws pleaded in the Action or that could have been pleaded in the operative complaint against the Released Parties based on the facts alleged in the operative complaint pursuant to Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 221, 223, 226, 226.3, 226.7, 226.8, 400-410, 510, 512, 558, 1193.6, 1194, 1194.2, 1197, 1197.1, 1198, 2802, 2699 et seq., Business & Professions Code section 17200 et seq., Code of Civil Procedure section 1021.5, 29 C.F.R. § 785.22, applicable sections of the California Industrial Wage Orders, and applicable sections of the California Code of Regulations, all claimed or unclaimed compensatory, consequential, incidental, liquidated, punitive and exemplary damages, penalties, restitution, interest, costs and attorneys' fees, injunctive or equitable relief, and any other remedies available at law or equity, and other amounts recoverable under said causes of action under California and federal law, to the

extent permissible, including but not limited to the California Labor Code as to the facts, legal theories, and causes of action alleged in the operative complaint, the applicable Wage Orders as to the facts, legal theories, and causes of action alleged in the operative complaint, and the California Unfair Competition Law as to the facts, legal theories, and causes of action alleged in the operative complaint (collectively, the "Released Claims").  The res judicata effect of the judgment will be the same as that of the release obtained by this Agreement and Settlement.

31.  "Released Parties" means Defendant Atlas Van Lines, Inc., and its past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers and any alleged joint employers.

32.  "Response Deadline" means the date forty-five (45) days after the Settlement Administrator mails Notice Packets to Class Members and the last date on which Class Members may submit a Claim Form, request for exclusion, and/or objection to the Settlement.

33.  "Settlement" means the disposition of the Action pursuant to this Agreement.

34.  "Settlement Administration Costs" means the amount to be paid to the Settlement Administrator from the Gross Settlement Fund for administration of this Settlement.

35.  "Settlement Administrator" means CPT Group, Inc.

36.  "Settlement Class" and "Settlement Class Members" means all Class Members who do not submit a timely and valid request for exclusion as provided in this Agreement.

## RECITALS

37.  Class Certification.  The Parties stipulate and agree to the certification of an opt-out class under Federal Rule of Civil Procedure 23(b)(3) for purposes of

this Settlement only.   This Agreement is subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e) and is made for the sole purpose of consummating settlement of the Action.   Should the Settlement not become final and effective as herein provided, class certification shall immediately be set aside and the Settlement Class immediately decertified (subject to further proceedings on motion of any party to certify or deny certification thereafter).   The Parties' willingness to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in or considered in connection with, the issue of whether a class should be certified in a non-settlement context in this Action and shall have no bearing on, and shall not be admissible or considered in connection with, the issue of whether a class should be certified in any other lawsuit.

38.   Procedural History.   On October 25, 2016, Plaintiff filed a putative class action Complaint alleging that Defendant misclassified Plaintiff as an independent contractor and asserting claims for Defendant and its alleged joint employers for alleged violations of the California Labor Code, including misclassification of employees as independent contractors, willful misclassification of employees as independent contractors, failure to provide meal and rest periods or proper premium wages in lieu thereof, failure to pay minimum and overtime wages, failure to pay all wages upon separation, failure to furnish timely and accurate wage statements, failure to pay all wages owed every pay period, failure to reimburse business expenses, along with derivative claims for restitution under California Business & Professions Code sections 17200, et seq., and claims for interest, attorneys' fees and costs.   The action was filed in the Los Angeles County Superior Court, and assigned case number BC638058, and subsequently removed to the United States District Court for the Central District of California on November 28, 2016, where it was assigned case number 2:16-cv-08790-GW-E.   On March 7, 2017 Plaintiff filed a First Amended Class Action Complaint.   On November 27, 2017 Plaintiff filed the operative, Second Amended Class Action Complaint, which added causes of action

1  for violation of California Labor Code section 226 and for civil penalties pursuant to

2  PAGA.

3      39.  <u>Mediation</u>.  On June 13, 2017, the Parties participated in a private

4  mediation after exchanging extensive informal mediation data.  The mediation ended

5  with a mediator's proposal, which the Parties accepted on July 17, 2017.  As a result,

6  the Parties came to agreement on all material terms to resolve this Action in its

7  entirety.

8      40.  <u>Benefits of Settlement to Settlement Class Members</u>.  Plaintiff and

9  Class Counsel recognize the expense and length of continued proceedings necessary

10  to litigate their disputes through trial and through any possible appeals.  Plaintiff has

11  also taken into account the uncertainty and risk of the outcome of further litigation,

12  and the difficulties and delays inherent in such litigation.  Plaintiff and Class Counsel

13  are also aware of the burdens of proof necessary to establish liability for the claims

14  asserted in the Action, both generally and in response to Defendant's defenses

15  thereto, and the difficulties in establishing damages for the Class Members.  Based

16  on the foregoing, Plaintiff and Class Counsel have determined that the set forth in

17  this Agreement is a fair, adequate and reasonable settlement, and is in the best

18  interests of the Settlement Class Members.

19      41.  <u>Defendant's Reasons for Settlement</u>.  Defendant has concluded that any

20  further defense of this litigation would be protracted and expensive for all Parties.

21  Substantial amounts of Defendant's time and resources have been and, unless this

22  Settlement is made, will continue to be devoted to the defense of the claims asserted

23  by Plaintiff and Class Members.  Defendant has also taken into account the risks of

24  further litigation in reaching its decision to enter into this Settlement.  Despite

25  continuing to contend that it is not liable for any of the claims set forth by Plaintiff,

26  Defendant has, nonetheless, agreed to settle in the manner and upon the terms set

27  forth in this Agreement to put to rest the claims as set forth in the Action.

28      42.  <u>Class Members' Claims</u>.  Class Members claim that the Released

8

Claims have merit and give rise to liability on the part of Defendant. This Agreement is a compromise of disputed claims. The monies being paid as part of the settlement are genuinely disputed and the Parties agree that the provisions of Labor Code section 206.5 are not applicable to this Settlement. Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against the Class Members or Class Counsel as to the merits or lack thereof of the claims asserted.

43. <u>Defendant's Defenses</u>. Defendant claims that the Released Claims have no merit and do not give rise to liability. This Agreement is a compromise of disputed claims. The monies being paid as part of the settlement are genuinely disputed and the Parties agree that the provisions of Labor Code section 206.5 are not applicable to this Settlement. Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against Defendant as to the merits or lack thereof of the claims asserted.

## **TERMS OF AGREEMENT**

44. <u>Limited Release As To All Settlement Class Members</u>. As of the Effective Date, in exchange for the Gross Settlement Fund, Settlement Class Members release the Released Parties from the Released Claims for the Covered Period. With respect to only the Released Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the final judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. However, to be clear, the scope of the Section 1542 waiver is limited to the Released Claims only.  The parties to this Settlement understand and specifically agree that the limited Section 1542 waiver described above is a material part of the consideration for this Settlement, was critical in justifying the agreed upon economic value of this Settlement, and, without it, Defendant would not have agreed to the consideration provided for herein.  The limited Section 1542 waiver is narrowly drafted and necessary to ensure that Defendant is obtaining peace of mind regarding the resolution of claims that were or could have been alleged based on the facts and legal theories contained in Plaintiff's operative complaint.

45.    <u>General Release As To Plaintiff</u>.  For the consideration set forth in this Agreement, Plaintiff, for himself and his heirs, successors and assigns, does hereby waive, release, acquit and forever discharge the Released Parties, from any and all claims, actions, charges, complaints, grievances and causes of action, of whatever nature, whether known or unknown, which exist or may exist on Plaintiff's behalf as of the date of this Agreement, including but not limited to any and all tort claims, contract claims, wage claims, wrongful termination claims, disability claims, benefit claims, public policy claims, retaliation claims, statutory claims, personal injury claims, emotional distress claims, invasion of privacy claims, defamation claims,

10

fraud claims, quantum meruit claims, and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, including, but not limited to claims for violation of the Fair Labor Standards Act, the California Labor Code, the Wage Orders of California's Industrial Welfare Commission, other state wage and hour laws, the Americans with Disabilities Act, the Age Discrimination in Employment Act (ADEA), the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, the California Family Rights Act, the Family Medical Leave Act, California's Whistleblower Protection Act, California Business & Professions Code Section 17200 et seq. Plaintiff hereby expressly waives and relinquishes any and all claims, rights or benefits that he may have under California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff may hereafter discover claims or facts in addition to, or different from, those which he now knows or believes to exist, but he expressly agrees to fully, finally and forever settle and release any and all claims against the Released Parties, known or unknown, suspected or unsuspected, which exist or may exist on behalf of or against the other at the time of execution of this Agreement, including, but not limited to, any and all claims relating to or arising from Plaintiff's alleged employment with Defendant. The Parties further acknowledge, understand and agree that this representation and commitment is essential to the Agreement and that this Agreement would not have been entered into were it not for this representation and commitment.

46. <u>No Future Qualification or Employment As To Plaintiff</u>. Plaintiff acknowledges that because of circumstances that are unique to Plaintiff, including

but not limited to irreconcilable differences with the Released Parties, the Released Parties have no obligation, contractual or otherwise, to qualify, hire, or employ Plaintiff in the future.   Further, Plaintiff agrees not to seek qualification or employment with the Released Parties in the future.   In the event that Plaintiff breaches his contractual obligations not to re-apply for qualification or employment with the Released Parties under this section, the Released Parties may deny Plaintiff's application or terminate his qualification and/or employment and Plaintiff agrees that his breach of his contractual obligations is good and sufficient cause for such denial or termination and that such denial or termination is not retaliatory but rather is a matter of contract.

47.   <u>ADEA Waiver As to Plaintiff</u>.   Without limiting the scope of this Agreement, Plaintiff agrees that this Agreement constitutes a knowing and voluntary waiver of any and all rights or claims that exist or that Plaintiff may claim to have under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers' Benefit Protection Act of 1990 (29 U.S.C. §§ 621, et seq.).   Plaintiff acknowledges all of the following:

a.   The consideration provided pursuant to this Agreement is in addition to any consideration that he would otherwise be entitled to receive;

b.   If Plaintiff elects not to waive his rights or claims under the ADEA, he will not be entitled to the Class Representative Service Award as part of the consideration for the Class Representative Service Award is Plaintiff's general release of all claims against the Released Parties.

c.   Plaintiff has been and is advised in writing to consult with an attorney prior to signing this Agreement;

d.   Plaintiff has been provided a full and ample opportunity to study this Agreement, including a period of at least twenty one (21) calendar days within which to consider it;

e.   To the extent that Plaintiff takes less than twenty one (21) calendar days

to consider this Agreement prior to signing it, Plaintiff acknowledges that he had sufficient time to consider this Agreement with legal counsel and that he expressly, voluntarily and knowingly waives any additional time;

f.   Plaintiff agrees that any changes made to the Agreement during the twenty one (21) day period (whether material or immaterial) do not restart the running of the twenty one (21) day period; and

g.   Plaintiff is aware of his right to revoke this waiver of claims under the ADEA any time within the seven (7) calendar-day period following the date Plaintiff signs the Agreement and that the waiver of claims under the ADEA shall not become effective or enforceable until the seven (7) calendar-day revocation period expires.   Notwithstanding Plaintiff's right to revoke the waiver of claims under the ADEA, the remainder of the terms of this Agreement shall become effective and enforceable as of the date that the Parties sign this Agreement.

h.   To be effective, timely notice of revocation of the waiver of ADEA claims must be made in writing and delivered to Defendants through its counsel, Evan R. Moses, Esq., at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 400 South Hope Street, Suite 1200, Los Angeles, California 90017, no later than the seventh (7th) day after Plaintiff executes this Agreement.   Plaintiff agrees to keep written documentation proving that Plaintiff revoked this Agreement as provided in this section, either by keeping the documents attesting to the delivery of the revocation, or verification that the fax was, in fact, received.

48.   <u>Tax Liability</u>.  The Parties and their counsel make no representations as to the tax treatment or legal effect of the payments called for by this Agreement, and Participating Class Members are not relying on any statement or representation by

the Parties or their counsel in this regard. Participating Class Members understand and agree that they will be responsible for the payment of any employee taxes, penalties, or other obligations relating to or arising out of the payments described herein and will hold the Parties and their counsel free and harmless from and against any claims, liabilities, costs and expenses, including attorney's fees, resulting in any way from personal tax treatment of the payments made pursuant to this Agreement, including the treatment of such payments as not subject to withholding or deduction for payroll and employment taxes.

49.   Circular 230 Disclaimer. Each Party to this Agreement (for purposes of this section, the "acknowledging Party" and each Party to this Agreement other than the acknowledging party, an "other Party") acknowledges and agrees that: (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department circular 230 (31 CFR part 10, as amended); (2) the acknowledging Party (a) has relied exclusively upon his, her or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on the acknowledging Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

50.   CAFA Notice. Within ten (10) days of receiving notice of filing of a

1    Motion for Preliminary Approval of this Agreement, Defendant shall serve the

2    CAFA Notice of this Agreement on the appropriate federal and state officials, as

3    required by 28 U.S.C. § 1715(b).

4         51.    <u>Settlement Administration</u>. The Settlement Administrator shall be CPT

5    Group, Inc.

6         a.    <u>Class Information</u>. No more than fourteen (14) calendar days after the

7    Preliminary Approval Date, Defendant shall provide the Settlement Administrator

8    with the Class Information for purposes of mailing Notice Packets to Class

9    Members.

10        b.    <u>Notice By First Class U.S. Mail</u>. Upon receipt of the Class Information,

11    the Settlement Administrator will perform a search based on the National Change of

12    Address Database to update and correct any known or identifiable address changes.

13    No more than fourteen (14) calendar days after receiving the Class Information from

14    Defendant as provided herein, the Settlement Administrator shall mail copies of the

15    Notice Packet to all Class Members via regular First Class U.S. Mail to the addresses

16    provided by Defendant. The Settlement Administrator shall exercise its best

17    judgment to determine the current mailing address for each Class Member. The

18    address identified by the Settlement Administrator as the current mailing address

19    shall be presumed to be the best mailing address for each Class Member.

20        c.    <u>Undeliverable Notices</u>. Any Notice Packets returned to the Settlement

21    Administrator as non-delivered on or before the Response Deadline shall be re-

22    mailed to the forwarding address affixed thereto. If no forwarding address is

23    provided, the Settlement Administrator shall promptly attempt to determine a correct

24    address by use of skip-tracing, or other search using the name, address and/or Social

25    Security number of the Class Member involved, and shall then perform a re-mailing,

26    if another mailing address is identified by the Settlement Administrator. Class

27    Members who received a re-mailed Notice Packet shall have their Response

28    Deadline extended fifteen (15) days from the original Response Deadline.

d.     Notice Packets.  The Notice Packets, substantially in the forms attached as Exhibits 1 and 2, shall list the qualification dates during the Covered Period and estimated Individual Settlement Payment for each respective Class Member.   The Notice Packets shall include the Claim Form and instructions for submitting a written request for exclusion from the Settlement or objecting to the Settlement.

e.     Claim Form Procedures.   To receive Individual Settlement Payments, Class Members shall be required to submit a timely Claim Form by the Response Deadline.  However, Plaintiff is not required to submit a Claim Form to receive his Individual Settlement Payment.  All Claim Forms must: (1) be signed by the Class Member; (2) contain the name, address, telephone number, and the last four digits of the Social Security number of the Class Member; (3) be returned by mail or fax to the Claims Administrator at the specified address or fax number; and (4) be postmarked or faxed on or before the Response Deadline.  The date of the postmark on the return mailing envelope or fax shall be the exclusive means to determine whether a Claim Form has been timely submitted.

f.     Exclusions.  The Notice Packet shall state that Class Members who wish to exclude themselves from the Settlement must submit a written request for exclusion by the Response Deadline.  The written request for exclusion must: (1) explicitly and unambiguously state "I wish to exclude myself from the settlement reached in the matter of *Leitzbach v. Atlas Van Lines, Inc.*, Case No. Case No. 2:16-cv-08790-GW-E.  I understand that by excluding myself, I will not receive any money from the settlement reached in this matter"; (2) contain the name, address, telephone number and the last four digits of the Social Security number of the person requesting exclusion; (3) be signed by the Class Member; and (4) be postmarked or fax stamped by the Response Deadline and returned to the Settlement Administrator at the specified address or fax telephone number.  The request for exclusion will not be valid if it is not timely submitted, if it is not signed by the Class Member, or if it does not contain the name, address, and last four digits of the Social Security number

of the Class Member.  The date of the postmark on the return mailing envelope or fax stamp on the request for exclusion shall be the exclusive means used to determine whether the request for exclusion was timely submitted.  Any Class Member who requests to be excluded from the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the terms of the Settlement or have any right to object, appeal or comment thereon.  Class Members who fail to submit a valid and timely written request for exclusion on or before the Response Deadline shall be bound by all terms of the Settlement and any final judgment entered in this Action if the Settlement is approved by the Court.  No more than twenty-five (25) calendar days after the Response Deadline, the Settlement Administrator shall provide counsel for Defendant with a final list of Class Members who have timely submitted written requests for exclusion, and counsel for Plaintiff with a final list of identifying numbers (but not names) of Class Members who have timely submitted written requests for exclusion.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit requests for exclusion from the Settlement.

g.      Defective Submissions.  If a Class Member's Claim Form or request for exclusion is defective as to the requirements listed herein, that Class Member shall be given an opportunity to cure the defect(s).  The Claims Administrator shall mail the Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Class Member that his or her submission is defective and that the defect must be cured to render the Claim Form or request for exclusion valid.  The Class Member shall have until the later of (i) Response Deadline, or (ii) fifteen (15) calendar days from the date of the cure letter, whichever date is later, to postmark or fax a revised Claim Form or request for exclusion.  If a Class Member responds to a cure letter by submitting a defective claim form or request for exclusion, then the Claims Administrator shall have no further obligation to give notice of a need to cure.  If the revised Claim Form or request for exclusion is

1   not postmarked or received by fax within that period, it shall be deemed untimely. If

2   a Class Member submits both a Claim Form and a request for exclusion, the Claim

3   Form will be considered the controlling document.

4       h.    <u>Objections</u>.    The Notice Packet shall state that Settlement Class

5   Members who wish to object to the Settlement must file with the Court and serve on

6   all Parties a written statement of objection ("Notice of Objection") by the Response

7   Deadline.  The date of filing and the date on the proof of service shall be deemed the

8   exclusive means for determining that a Notice of Objection was filed and served

9   timely.  The Notice of Objection must be signed by the Settlement Class Member

10  and state: (1) the full name of the Settlement Class Member; (2) the dates of

11  qualification of the Settlement Class Member; (3) the last four digits of the

12  Settlement Class Member's Social Security number; (4) the basis for the objection;

13  and (5) whether the Settlement Class Member intends to appear at the Final

14  Approval/Settlement Fairness Hearing.  Settlement Class Members who fail to make

15  objections in the manner specified above shall be deemed to have waived any

16  objections and shall be foreclosed from making any objections (whether by appeal or

17  otherwise) to the Settlement.  Settlement Class Members who submit a timely Notice

18  of Objection will have a right to appear at the Final Approval/Settlement Fairness

19  Hearing in order to have their objections heard by the Court.  At no time shall any of

20  the Parties or their counsel seek to solicit or otherwise encourage Settlement Class

21  Members to file or serve written objections to the Settlement or appeal from the

22  Order and Final Judgment.  Class Counsel shall not represent any Settlement Class

23  Members with respect to any such objections.

24      i.    <u>Disputes Regarding Individual Settlement Payments</u>.    The Notice

25  Packet shall instruct Class Members how, in the event they disagree with

26  Defendant's records regarding the dates of qualification stated on their Notice

27  Packet, they may provide documentation and/or an explanation to the Settlement

28  Administrator to show contrary qualification dates.  If there is a dispute, the

Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted. The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement. The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Payment shall be binding upon the Class Member and the Parties.

j.      Disputes Regarding Administration of Settlement.  Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement will be resolved by the Court under the laws of the State of California. Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the disputes without the necessity of involving the Court.

52.     Funding and Allocation of Gross Settlement Fund.  This is a non-reversionary settlement in which Defendant is required to pay the entirety of the Gross Settlement Fund, which includes Individual Settlement Payments, the Class Representative Service Award, the Class Counsel Award, PAGA Payment, required employee-side and employer-side withholdings from Individual Settlement Payments, and the Settlement Administration Costs, as specified in this Agreement. No amount of the Gross Settlement Fund will revert to Defendant.  No more than fourteen (14) calendar days after the Effective Date, Defendant shall provide the Gross Settlement Fund to the Settlement Administrator to fund the Settlement, as set forth in this Agreement.

a.      Individual Settlement Payments.  Individual Settlement Payments will be paid from the Net Settlement Amount and shall be paid pursuant to the settlement formula set forth herein.  Individual Settlement Payments shall be mailed by regular First Class U.S. Mail to Participating Class Members' last known mailing address no more than fourteen (14) calendar days after Defendant provides funds to the Settlement Administrator for disbursement under this Agreement.  Individual Settlement Payments will be allocated as follows: thirty-three percent (33%) as

wages; thirty-four percent (34%) as reimbursement for business expenses; and thirty-three percent (33%) as penalties and interest. Any checks issued to Participating Class Members shall remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance. After that time, all funds represented by uncashed checks shall be tendered to the Department of Industrial Relations Unpaid Wages Fund, so that all Participating Class Members will have an opportunity to claim their payments from the Department of Industrial Relations after the expiration of the settlement checks.

b. <u>Calculation of Individual Settlement Payments</u>. The Settlement Administrator will calculate the total Compensable Workweeks for all Participating Class Members. The respective Compensable Workweeks for each Participating Class Member will be divided by the total Compensable Workweeks for all Participating Class Members, resulting in the Payment Ratio for each Participating Class Member. Each Participating Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Participating Class Member's estimated Individual Settlement Payments. Each Individual Settlement Payment will be reduced by any legally mandated employee and employer tax withholdings (e.g., employee payroll taxes, FICA, FUTA, etc.) for each Participating Class Member. Participating Class Members are not eligible to receive any compensation other than Individual Settlement Payments from this Settlement.

c. <u>Class Representative Service Award</u>. Defendant agrees not to oppose or object to any application or motion by Plaintiff for a Class Representative Service Award of up to $15,000.00 in exchange for the Released Claims and a General Release and for his time and effort in bringing and prosecuting this matter. The Class Representative Service Award shall be paid to Plaintiff from the Gross Settlement Fund no later than fourteen (14) calendar days after Defendant provides funds to the Settlement Administrator for disbursement under this Agreement. Any portion of the requested Class Representative Service Award that is not awarded to

1   the Class Representative shall be part of the Net Settlement Amount and shall be
2   distributed to Participating Class Members as provided in this Agreement.   The
3   Settlement Administrator shall issue an IRS Form 1099 — MISC to Plaintiff for his
4   Class Representative Service Award.  Plaintiff shall be solely and legally responsible
5   to pay any and all applicable taxes on his Class Representative Service Award and
6   shall hold harmless Defendant from any claim or liability for taxes, penalties, or
7   interest arising as a result of the Class Representative Service Award.   The Class
8   Representative Service Award shall be in addition to the Plaintiff's respective
9   Individual Settlement Payment.   In the event that the Court reduces or does not
10  approve the requested Class Representative Service Award, Plaintiff shall not have
11  the right to revoke the Settlement, and it will remain binding.

12          d.      Class Counsel Award.  Defendant agrees not to oppose or object to any
13  application or motion by Class Counsel for attorneys' fees not to exceed thirty
14  percent (30%) of the Gross Settlement Fund ($444,000.00 out of $1,480,000.00),
15  plus costs and expenses supported by declaration not to exceed Ten Thousand
16  Dollars ($10,000.00), from the Gross Settlement Fund.  Any portion of the requested
17  Class Counsel Award that is not awarded to Class Counsel shall be part of the Net
18  Settlement Amount and shall be distributed to Participating Class Members as
19  provided in this Agreement.   The Class Counsel Award shall be paid to Class
20  Counsel from the Gross Settlement Fund no later than fourteen (14) calendar days
21  after Defendant provides funds to the Settlement Administrator for disbursement
22  under this Agreement.  Class Counsel shall be solely and legally responsible to pay
23  all applicable taxes on the payment made pursuant to this paragraph.  The Settlement
24  Administrator shall issue an IRS Form 1099 — MISC to Class Counsel for the
25  payments made pursuant to this paragraph.  In the event that the Court reduces or
26  does not approve the requested Class Counsel Award, Plaintiff and Class Counsel
27  shall not have the right to revoke the Settlement, or to appeal such order, and the
28  Settlement will remain binding.

e.  <u>PAGA Payment</u>.  Twenty-five Thousand Dollars ($25,000) shall be allocated from the Gross Settlement Fund for payment under the Private Attorneys General Act of 2004.  Seventy-five percent (75%), or $18,750, will be paid to the California Labor and Workforce Development Agency, no later than fourteen (14) calendar days after Defendant provides funds to the Settlement Administrator for disbursement under this Agreement.  Twenty-five (25%), or $6,250, will be part of the Net Settlement Amount and distributed to Participating Class Members as described in this Agreement.  Class Counsel will take all action required by California Labor Code section 2699(l).

f.  <u>Settlement Administration Costs</u>.  The Settlement Administrator shall be paid for the costs of administration of the Settlement from the Gross Settlement Fund.  The estimate of such costs of administration for the disbursement of the Gross Settlement Fund is $11,000.00.  No fewer than twenty (20) days prior to the Final Approval Hearing, the Settlement Administrator shall provide the Parties with a statement detailing the costs of administration of this Settlement.  The Settlement Administrator shall be paid the Settlement Administration Costs no later than fourteen (14) calendar days after Defendant provide funds to the Settlement Administrator for disbursement under this Agreement.  The Settlement Administrator, on Defendant's behalf, shall have the authority and obligation to set up a Qualified Settlement Fund to make payments, credits and disbursements, including payments and credits in the manner set forth herein, to Participating Class Members calculated in accordance with the methodology set out in this Agreement and orders of the Court.

g.  The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the cost and expenses incurred in administration of the Settlement.  The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

h.    The Settlement Administrator shall be responsible for: processing and mailing payments to the Plaintiff, Class Counsel, and Participating Class Members; printing and mailing the Notice Packets to the Class Members as directed by the Court; receiving and reporting the requests for exclusion submitted by Class Members; deducting taxes from Individual Settlement Payments and distributing tax forms; processing and mailing tax payments to the appropriate state and federal taxing authorities; providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.    The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities.    No later than twenty-five (25) calendar days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties, without disclosing the information to Plaintiff or Defendant, with a final accounting of the Gross Settlement Fund and report the amount of all payments to be made to each Settlement Class Member.

i.    No person shall have any claim against Defendant, Plaintiff, Settlement Class Members, Class Counsel or the Settlement Administrator based on distributions and payments made in accordance with this Agreement.

53.    <u>Preliminary Approval Hearing</u>.  Plaintiff shall obtain a hearing before the Court to request the preliminary approval of the Settlement, and the entry of a Preliminary Approval Order for: (i) conditional certification of the Class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only, (ii) preliminary approval of the proposed Agreement, and (iii) setting a date for a Final Approval/Settlement Fairness Hearing.    The Preliminary Approval Order shall provide for the Notice Packet to be sent to all Class Members as specified herein.  In conjunction with the Preliminary Approval Hearing, Plaintiff shall submit this Agreement, which sets forth the terms of this settlement, and will include the proposed Notice Packet, which shall include the proposed Notice of Class Action

Settlement and the proposed Claim Form, attached, respectively.

54.  <u>Option to Terminate Settlement</u>.  If, after the Response Deadline and before the Final Approval/Settlement Fairness Hearing, the number of Class Members who submitted timely and valid written requests for exclusion from the Settlement is at least three percent (3%) of all Class Members, Defendant shall have, in its sole discretion, the option to terminate this Settlement.  If Defendant exercises its option to terminate this Settlement, Defendant shall provide written notice to Class Counsel no more than seven (7) calendar days after the Response Deadline and the Parties shall proceed in all respects as if this Agreement had not been executed.

55.  <u>Final Settlement Approval Hearing and Entry of Final Judgment</u>.  Upon expiration of the Response Deadline, with the Court's permission, a Final Approval/Settlement Fairness Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (i) the Class Counsel Award, (ii) the Class Representative Service Award, (iii) Individual Settlement Payments, (iv) the PAGA Payment, and (v) the Settlement Administration Costs. After entering the Final Approval Order, the Court shall retain jurisdiction over the Parties to enforce the terms of the judgment.

56.  <u>Review of Motions for Preliminary and Final Approval</u>.  Class Counsel will provide an opportunity for Counsel for Defendant to review the Motions for Preliminary and Final Approval at least ten (10) days before filing them with the Court.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the Court's approval of the Motions for Preliminary and Final Approval.

57.  <u>Nullification of Settlement Agreement</u>.  In the event: (i) the Court does not grant preliminary approval; (ii) the Court does not grant final approval; (iii) the Court does not enter a final judgment as provided herein; or (iv) the Settlement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be

treated as void from the beginning. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any costs already incurred by the Settlement Administrator shall be paid by equal apportionment among the Parties. In the event an appeal is filed from the Court's final judgment, or any other appellate review is sought, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review, but any fees incurred by the Settlement Administrator prior to it being notified of the filing of an appeal from the Court's Final Judgment, or any other appellate review, shall be paid to the Settlement Administrator within thirty (30) days of said notification.

58. <u>No Effect on Employee Benefits</u>. Amounts paid to Plaintiff or other Participating Class Members pursuant to this Agreement shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Plaintiff or Participating Class Members.

59. <u>Exhibits and Headings</u>. The terms of this Agreement include the terms set forth in the attached Exhibits 1 and 2, which are incorporated by this reference as though fully set forth herein. The exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

60. <u>Interim Stay of Proceedings</u>. The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval/Settlement Fairness Hearing to be conducted by the Court.

61. <u>Amendment or Modification</u>. This Agreement may be amended or

1  modified only by a written instrument signed by counsel for all Parties or their
2  successors-in-interest.

3       62.   <u>Entire Agreement</u>.  This Agreement and the attached exhibits constitute
4  the entire Agreement among these Parties, and no oral or written representations,
5  warranties or inducements have been made to any Party concerning this Agreement
6  or its exhibits other than the representations, warranties and covenants contained and
7  memorialized in the Agreement and its exhibits.

8       63.   <u>Authorization to Enter Into Settlement Agreement</u>.   Counsel for all
9  Parties warrant and represent they are expressly authorized by the Parties whom they
10  represent to negotiate this Agreement and to take all appropriate actions required or
11  permitted to be taken by such Parties pursuant to this Agreement to effectuate its
12  terms, and to execute any other documents required to effectuate the terms of this
13  Agreement.  The Parties and their counsel will cooperate with each other and use
14  their best efforts to effect the implementation of the Settlement.  The person signing
15  this Agreement on behalf of Defendant represents and warrants that he is authorized
16  to sign this Agreement on behalf of Defendant.  Plaintiff represents and warrants that
17  he is authorized to sign this Agreement and that he has not assigned any claim, or
18  part of a claim, covered by this Settlement to a third-party.

19       64.   <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding
20  upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as
21  previously defined.

22       65.   <u>California Law Governs</u>.  All terms of this Agreement and the exhibits
23  hereto and any disputes arising hereunder shall be governed by and interpreted
24  according to the laws of the State of California.

25       66.   <u>Counterparts</u>.   This Agreement may be executed in one or more
26  counterparts.  All executed counterparts and each of them shall be deemed to be one
27  and the same instrument provided that counsel for the Parties to this Agreement shall
28  exchange among themselves copies or originals of the signed counterparts.

67.    <u>This Settlement Is Fair, Adequate and Reasonable</u>.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Action and have arrived at this Settlement after extensive arms-length negotiations, taking into account all relevant factors, present and potential.

68.    <u>Jurisdiction of the Court</u>.  The Parties agree that the Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

69.    <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

70.    <u>Publicity</u>.  Plaintiff and Class Counsel agree not to disclose or publicize the Settlement, including the fact of the Settlement, its terms or contents, and the negotiations underlying the Settlement, in any manner or form, directly or indirectly, to any person or entity, except Class Members and as shall be contractually required to effectuate the terms of the Settlement as set forth herein.  For the avoidance of doubt, this section means Plaintiff and Class Counsel agree not to issue press releases, communicate with, or respond to any media or publication entities, publish information in manner or form, whether printed or electronic, on any medium or otherwise communicate, whether by print, video, recording or any other medium, with any person or entity concerning the Settlement, including the fact of the Settlement, its terms or contents and the negotiations underlying the Settlement, except as shall be contractually required to effectuate the terms of the Settlement as set forth herein.  In response to inquiries from third parties, Plaintiff and Class

1  Counsel may respond as follows: "The parties reached an amicable resolution."
2  However, for the limited purpose of allowing Class Counsel to prove adequacy as
3  class counsel in other actions, Class Counsel may disclose the names of the Parties
4  and the venue/case number of this Action, but not any settlement details.

5      71.  <u>No Unalleged Claims</u>.  Plaintiff and Class Counsel represent that they
6  are not currently aware of any claims against the Released Parties in addition to, or
7  different from, the Released Claims, including, but not limited to, any and all claims
8  relating to or arising from Plaintiff's alleged employment with Defendant.  Class
9  Counsel further represents that it is not currently aware of any facts or legal theories
10  upon which any claims or causes of action could be brought against Defendant,
11  excepting those facts or legal theories alleged in the operative complaint in this
12  Action.  The Parties further acknowledge, understand and agree that this
13  representation is essential to the Agreement and that this Agreement would not have
14  been entered into were it not for this representation.

15      72.  <u>Waiver of Certain Appeals</u>.  The Parties agree to waive appeals and to
16  stipulate to class certification for purposes of this settlement only.

17
18
19
20  DATED: _11-22-17_, 2017      By: _____
                      Frank Leitzbach
21                        Plaintiff
22  DATED: _11/22/17_, 2017      HAFFNER LAW PC
23
24
25                        By: _____
                      Joshua H. Haffner
26                        Graham G. Lambert
                      Attorneys for Plaintiff
27
28

                                  28

1

2   DATED: 11/22 , 2017              By: _____
                                         Donald R. Breivogel
3                                        Senior Vice President and
                                         Chief Financial Officer
4                                        Atlas Van Lines, Inc.

5   DATED: 11/27 , 2017              OGLETREE, DEAKINS, NASH, SMOAK
                                     & STEWART, P.C.
6

7                                    By: _____
8                                        Evan R. Moses
                                         Robert Roginson
9                                        Christopher J. Archibald
                                         Attorneys for Defendant
10                                       Atlas Van Lines, Inc.

11

12

13

14

15

16                                                              32061516.1

17

18

19

20

21

22

23

24

25

26

27

28

                                     29

# EXHIBIT 1

United States District Court for the Central District of California
*Frank Leitzbach v. Atlas Van Lines, Inc.*
Case No. 2:16-cv-08790-GW-E

## NOTICE OF CLASS ACTION SETTLEMENT

To:  All California residents who qualified to drive under Atlas Van Lines, Inc.'s ("Atlas") United States Department of Transportation Authority at any time from October 25, 2012 through [date] and who actually contracted and drove for Atlas or one of its Agents during that period (the "Class Members").

*A court authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

Your rights and each option – and the deadlines to exercise each of them –are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **TO RECEIVE A SETTLEMENT PAYMENT** | The estimated amount of your Individual Settlement Payment is shown on the Claim Form enclosed with this Notice. To receive your payment, you must submit the Claim Form to the Settlement Administrator by [date] and keep the Settlement Administrator informed of your current mailing address. Once the Court grants final approval of the Settlement, the Administrator will mail your check to the address on file for you if you timely submitted a Claim Form. |
| **CHANGE CONTACT INFORMATION** | Update your personal information with the Settlement Administrator to ensure your Individual Settlement Payment check is sent to the correct address. |
| **EXCLUDE YOURSELF** | You can exclude yourself from the Settlement if you do not wish to participate in the Settlement. If you exclude yourself, you will not receive an Individual Settlement Payment. This is the only option that allows you to pursue your own lawsuit against Atlas about the legal claims in this case. |
| **OBJECT** | Write to the Court if you think the Settlement is not fair. |
| **GO TO A HEARING** | Ask to speak in Court about why you think the Settlement is not fair at the time of the final approval hearing. |
| **DO NOTHING** | If you do nothing, that is, do not return a timely request to be excluded, you will not receive an Individual Settlement Payment, and will be bound by the terms of the Settlement and releases described in this Notice. |

**QUESTIONS?  CALL TOLL FREE 1-800-\_\_\_\_**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**
1. Why did I get this notice packet? .................................................................. Page 3
2. What is this lawsuit about? ........................................................................... Page 3
3. Why is this a class action? ........................................................................... Page 3
4. Why is there a settlement? ............................................................................ Page 3
5. Who are the Parties in this lawsuit .............................................................. Page 4
6. Who are the Attorneys for the Parties .......................................................... Page 4

**THE TERMS OF THE SETTLEMENT**
7. What is the settlement amount, and How will the Individual Settlement
   Payments Be Calculated? ........................................................................... Page 4
8. How much will my Individual Settlement Payment be? ............................... Page 5

**HOW TO GET A PAYMENT**
9. How can I get my Individual Settlement Payment? ....................................... Page 5
10. What am I giving up to get an Individual Settlement Payment? .................... Page 5

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
11. How do I get out of the settlement? .............................................................. Page 6
12. If I don't exclude myself, can I sue Atlas for the same thing later? ............... Page 6
13. If I exclude myself, can I get money from this settlement? ........................... Page 6

**OBJECTING TO THE SETTLEMENT**
14. How do I tell the Court that I don't like the settlement? ............................... Page 7
15. What's the difference between objecting and excluding myself? .................. Page 7

**THE COURT'S FINAL APPROVAL HEARING**
16. When and where will the Court decide whether to approve the settlement? .. Page 7
17. Do I have to come to the hearing? ................................................................ Page 8
18. May I appear and speak at the hearing? ....................................................... Page 8

**GETTING MORE INFORMATION**
19. Who can I contact if I have questions about the settlement? ......................... Page 8

**ADDITIONAL IMPORTANT INFORMATION** ...................................................... Page 8

QUESTIONS?  CALL TOLL FREE 1-800-_____

## BASIC INFORMATION

### 1.   Why did I get this notice packet?

You received this notice because the records of Atlas Van Lines, Inc. ("Atlas") indicate you were a California resident who was qualified to drive under Atlas Van Lines, Inc.'s ("Atlas") United States Department of Transportation Authority at any time from October 25, 2012 through [date], and actually contracted and drove for Atlas or one of its Agents during that period ("Class Member(s)").

The purpose of this notice is to explain the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California.  The case is known as *Frank Leitzbach v. Atlas Van Lines, Inc.,* Case No. 2:16-cv-08790-GW-E ("Action" or "Lawsuit").

### 2.   What is this Lawsuit about?

The Lawsuit, originally filed on October 25, 2016, and subsequently amended on March 7, 2017 and [date], 2017, claimed that Atlas misclassified the Class Members as independent contractors, and as a result, failed to provide meal and rest periods or proper premiums wages in lieu thereof, failed to pay minimum wages, failed to pay all wages upon separation, failed to furnish timely and accurate wage statements, failed to pay all wages owed every pay period, and failed to reimburse business expenses, and by doing so, engaged in unfair competition.  The Lawsuit also made a claim for civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA").

Atlas denies the allegations in the Lawsuit and contends that the Class Members are not its employees, and as a result, it has complied at all times with the California Labor Code.  The settlement is not an admission of any wrongdoing by Atlas or an indication that any law was violated.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Mr. Leitzbach) sue on behalf of themselves and other people who have similar claims.  The group of people with similar claims is called a "Class."  Each person covered by the class definition is a "Class Member."  One Court resolves the issues for all Class Members, except for those who request to be excluded from the Class.

### 4.   Why is there a Settlement?

The Court did not decide in favor of Plaintiff Frank Leitzbach or Defendant Atlas.  There was no trial.  Instead, both sides agreed to a no-fault settlement of the Lawsuit ("Settlement").  That way, they avoid the cost of a trial and the people affected can get compensation from the Settlement.  Mr. Leitzbach, who was appointed the Class Representative, and his attorneys think the Settlement is best for all Class Members.

5.    **Who are the Parties in this Lawsuit?**

Frank Leitzbach, the Plaintiff in this Lawsuit, was qualified to drive under Atlas' United States Department of Transportation Authority from 2012 to 2015.

Atlas Van Lines, Inc. is the Defendant in this Lawsuit.

6.    **Who are the Attorneys for the Parties?**

| Counsel for Plaintiff and the Class | Counsel for Defendant |
|---|---|
| Joshua H. Haffner | Evan R. Moses |
| Graham G. Lambert | Robert R. Roginson |
| Haffner Law PC | Christopher J. Archibald |
| 445 South Figueroa St., Suite 2325 | Ogletree, Deakins, Nash, Smoak |
| Los Angeles, CA 90071 | & Stewart, P.C. |
| | 400 South Hope Street, Suite 1200 |
| | Los Angeles, CA 90071 |

If you have questions regarding this Settlement, you should contact Attorneys for Plaintiff or the Settlement Administrator.

## THE TERMS OF THE SETTLEMENT

7.    **What is the Settlement amount and how will the Individual Settlement Payment be calculated?**

The proposed Settlement provides for a cash payment of $1,480,000 to fully and finally resolve all claims in the Lawsuit (referred to as the "Gross Settlement Fund"). The Gross Settlement Fund includes the Individual Settlement Payments, Class Counsel Award, Class Representative Service Award, PAGA Payment, required withholdings from Individual Settlement Payments, employer tax contributions, and Settlement Administration Costs. Class Counsel will apply to the Court for attorneys' fees of $444,000, litigation costs of up to $_____, a Class Representative Service Award of $15,000 to Mr. Leitzbach for his work and efforts in prosecuting this case, for undertaking the risks of payment of costs (in the event the outcome of this Lawsuit was not favorable) and a general release of all claims, payment of $18,750 to the California Labor & Workforce Development Agency as its 75% share of the $25,000 allocated to resolve the PAGA claims, and Settlement Administration Costs estimated to be $_____. The exact amount of the attorneys' fees, litigation costs, Class Representative Service Award, PAGA payment, and administration costs will be determined by the Court at a Final Approval Hearing, but will not exceed the amounts set forth above. The remaining portion of the Settlement, the "Net Settlement Amount" or "NSA" is estimated to be approximately $_____. The NSA will be apportioned and paid out entirely to all Participating Class Members. "Participating Class Members" include any Class Member who submits a timely and valid Claim Form.

No portion of the NSA will be returned to Atlas under any circumstances.

Participating Class Members who submit a valid and timely Claim Form will receive their share of the NSA based on the number of Compensable Workweeks he or she qualified to drive and did drive under Atlas' United States Department of Transportation Authority during the period from October 25, 2012 through _____, 2017, ("Class Period"). The Settlement Administrator will calculate the number of Compensable Workweeks by calculating the number of days each Settlement Class Member was qualified to drive under Defendant's United States Department of Transportation Authority during the Class Period, dividing by seven (7), and rounding up to the nearest whole number. Here's how it works – the NSA will be entirely paid out to all Participating Class Members. The amount allocated to each individual Participating Class Member will be based on (a) the individual Participating Class Member's number of Compensable Workweeks during the Class Period, (b) divided by the sum of all Compensable Workweeks worked by all Participating Class Members during the Class Period (c) multiplied by the NSA.

**8.    How much will my Settlement Payment be?**

The estimated amount of your Settlement Payment is shown on the enclosed Claim Form. This is only an estimate. The actual amount you receive may be slightly more or less than the estimated amount shown.

**9.    What do I do if my dates of qualification are wrong?**

As described above, the amount of your Individual Settlement Payment will be based on the number of Compensable Weeks you qualified to drive and did drive under Atlas' United States Department of Transportation Authority any time during the Class Period. The dates of your qualification as a Class Member are shown on the Claim Form and determined based upon Atlas' records. If you believe the dates of qualification are not accurate, you may send a letter to the Settlement Administrator indicating what you believe to be the correct dates. Your letter must be postmarked on or before _____, 2017 (*45 days of notice mailing*). You should include any documents or other information which supports your belief regarding the dates of qualification as a Class Member. The Settlement Administrator will resolve any dispute regarding the dates of qualification, or number of Compensable Workweeks based on Atlas' records and any information you provide. The dates of qualification supplied by Atlas will be presumed correct unless you supply company records from Atlas showing different dates of qualification.

| HOW TO GET A PAYMENT |
|:---:|

**10.   How Do I get my Individual Settlement Payment?**

If you submit a valid and timely Claim Form, you will receive your Settlement Payment after the Court approves the Settlement at a final fairness/final approval hearing. You must, however, notify the Settlement Administrator of any change in your name, mailing address and/or telephone number if the information shown on the Claim Form is not correct. **It is your responsibility to keep the Settlement Administrator informed of any change in your address. Your Individual Settlement Payment will be mailed to the last known address it has on file for you.** A Change of Address

QUESTIONS?  CALL TOLL FREE 1-800-_____

Form and pre-printed return is enclosed for your convenience.  You may also fax the Change of Address form to the following number:  (800)_____.  It is **strongly recommended** that you retain a copy of the completed Change of Address form until you receive your Settlement Payment.

Participating Class Members receiving an Individual Settlement Payment will be responsible for correctly characterizing this compensation for tax purposes and paying taxes due, if any.

**11.      What am I giving up to get an Individual Settlement Payment?**

Unless you request to be excluded from the Settlement, you stay part of the Settlement Class and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Atlas about the legal issues arising in this case arising during the Class Period.  Specifically, you will be giving up or "releasing" the claims described below:

**Release of Claims**:  After the Court has approved the Settlement, each Settlement Class Member who has not submitted a timely and valid request to be excluded from the Settlement will be bound by the approval and judgment and thereby release Atlas and its past, present and/or future, direct and/or indirect, officers, directors, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers and any alleged joint employers ("Released Parties"), from all claims alleged or that could have been alleged in the operative complaint based on the facts, allegations, and legal theories raised in the operative complaint including all of the following claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever (whether or not the factual cause of the alleged underpayment or violation was alleged with particularity in the operative complaint): (a) failure to pay minimum wages, straight time wages, or overtime wages; (b) failure to provide proper meal and rest periods, to properly provide premium pay in lieu thereof, or to properly calculate premium pay in lieu of meal and rest periods; (c) failure to reimburse or indemnify employees for losses or expenditures incurred; (d) failure to provide complete and/or accurate wage statements; (e) failure to timely pay wages due or final wages due; (f) unfair business practices; (g) civil penalties under the Private Attorneys General Act ("PAGA"); (h) misclassification of employees as independent contractors; (i) willful misclassification of employees as independent contractors; (j) any other claims or penalties under the wage and hour laws pleaded in the Action; (k) any other claims or penalties under the wage and hour laws pleaded in the Action or that could have been pleaded in the operative complaint against the Released Parties based on the facts alleged in the operative complaint pursuant to Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 221, 223, 226, 226.3, 226.7, 226.8, 400-410, 510, 512, 558, 1193.6, 1194, 1194.2, 1197, 1197.1, 1198, 2802, 2699 et seq., Business & Professions Code section 17200 et seq., Code of Civil Procedure section 1021.5, 29 C.F.R. § 785.22, applicable sections of the California Industrial Wage Orders, and applicable sections of the California Code of Regulations, all claimed or unclaimed compensatory, consequential, incidental, liquidated, punitive and exemplary damages, penalties, restitution, interest, costs and attorneys' fees, injunctive or equitable relief, and any other remedies available at law or equity, and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including but not limited to the California Labor Code as to the facts, legal theories, and causes of action alleged in the operative complaint, the applicable Wage Orders as to the facts, legal theories, and causes of action alleged in the operative complaint, and the California Unfair Competition Law as to the facts, legal theories, and

causes of action alleged in the operative complaint (collectively, the "Released Claims").  The period of the Release shall extend to the limits of the Class Period.  The res judicata effect of the Judgment will be the same as that of the Release.  The definition of Released Claims shall not be limited in any way by the possibility that Plaintiff or Settlement Class Members may discover new facts or legal theories or legal arguments not alleged in the operative complaint but which might serve as an alternative basis for pursuing the same claims, causes of action, or legal theories of relief falling within the definition of Released Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12.      How do I get out of the Settlement?

If you wish to pursue your own separate lawsuit against Atlas for the claims asserted in the Lawsuit, or if you otherwise wish not to participate in the Settlement for whatever reason, you should exclude yourself from this case (that is, opt out of the Settlement).  To opt out and exclude yourself from the case and the Settlement, you must provide a signed and dated letter to the Settlement Administrator requesting to be excluded.  The letter must state in substance:

"I wish to exclude myself from the settlement reached in the matter of *Leitzbach v. Atlas Van Lines, Inc.*, Case No. Case No. 2:16-cv-08790-GW-E.  I understand that by excluding myself, I will not receive any money from the settlement reached in this matter."

The opt out request letter must be signed, and include your full name, current address, telephone number, and last four digits of your Social Security number, and must be postmarked and returned to the Settlement Administrator at the following address on or before _____, 2017 (*45 days after notice*).  Requests postmarked after this date may be disregarded.

> ATLAS VAN LINES CLASS ACTION
> Settlement Administrator
> c/o _____, Inc.
> P. O. Box _____
> _____, _____

### 13.      If I don't exclude myself, can I sue Atlas for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Atlas for the claims that this Settlement resolves for the period from October 25, 2012 through _____, 2017.  *If you have a pending lawsuit speak to your lawyer in that case immediately*.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the Response Deadline is _____, 2017.

### 14.      If I exclude myself, can I get money from this Settlement?

No.  If you exclude yourself, you will no longer be a Settlement Class Member and will not receive an Individual Settlement Payment.  The Individual Settlement Payment that you would have been entitled

QUESTIONS?  CALL TOLL FREE 1-800-_____

to receive will remain in the Net Settlement Amount and be subject to distribution to the Participating Class Members.

## OBJECTING TO THE SETTLEMENT

### 15.    How do I tell the Court that I don't like the Settlement?

If you do not think the Settlement is fair, you can object to the Settlement and tell the Court that you don't agree with the Settlement or some part of it.  The Court will consider your views.  To object, you must send a letter, which you sign, saying that you object to the settlement of *Frank Leitzbach v. Atlas Van Lines, Inc.,* Case No. 2:16-cv-08790-GW-E.  Be sure to include the case name and case number (as shown in the preceding sentence), your name, the last four digits of your Social Security number, address, the specific reasons you object to the terms of the settlement and your signature.  If you wish to speak at the Final Approval Hearing, you must also indicate in your objection letter that you intend to appear at the Final Approval Hearing.  See, Paragraph 18, below.  Mail the objection to the address listed below.  The objection must be postmarked on or before_____, 2017, *(45 days after mailing)*.

> **Mail To**:
> ATLAS CLASS ACTION
> Settlement Administrator
> c/o _____, Inc.
> P. O. Box _____
> _____, _____

### 16.    What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement.  You may object only if you remain a Settlement Class Member.  Excluding yourself is telling the Court that you do not want to be a Settlement Class Member.  If you exclude yourself, you have no basis to object because the case no longer affects you.

If you object to any of the terms of the Settlement, the Court will consider your objections when deciding whether to grant final approval to the Settlement.

## THE COURT'S FINAL APPROVAL HEARING

### 17.    When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing in Courtroom 9D of the United States District Court for the Central District of California located at 350 West 1st Street, Los Angeles, CA, 90012 on _____ 2017, at ___ a.m.  At this hearing the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve

**QUESTIONS?  CALL TOLL FREE 1-800-_____**

Class Counsel's request for attorneys' fees and litigation costs, the Class Representative Service Award, the PAGA payment, and the Settlement Administrator's costs.

The Court may reschedule the Final Approval Hearing without further notice to Class Members. However, any Class Member who indicated in their objection letter their intention to appear at the Final Approval Hearing will be notified by Class Counsel of any rescheduling of the date and time of the Final Approval Hearing.

**18.   Do I have to come to the hearing?**

No.  Class Counsel will answer any questions the Judge may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you have mailed or faxed your written objection on time, the Court will consider it.  You may also hire and pay your own lawyer to attend if you so desire.

**19.   May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  If you wish to speak at the Final Approval Hearing, you must indicate your intention to speak at the Final Approval Hearing in your objection letter.  See, Paragraphs 15, 18 above.  You cannot speak at the hearing if you have excluded yourself from the Settlement.

## GETTING MORE INFORMATION

**20.   Who may I contact if I have questions about the Settlement?**

You may contact Counsel for Plaintiff, Class Counsel, at the contact information listed above in Paragraph 6 if you have any questions about the Settlement.   You may also contact the Court-appointed Settlement Administrator by calling toll free 1-_____, or you can write to the Settlement Administrator, at the address shown in Paragraph 15.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, ATLAS, OR ITS ATTORNEYS FOR INFORMATION.**

## ADDITIONAL IMPORTANT INFORMATION

A.   **Atlas supports the Settlement and will not retaliate in any manner whatsoever** against any Participating Class Member who stays in the Class and receives his/her Individual Settlement Payment, Settlement Class Member who stays in the Class and does not receive an Individual Settlement Payment, requests to be excluded from the Settlement or objects to the Settlement.

B.   **It is your responsibility to ensure that the Settlement Administrator has your current mailing address and telephone number on file**, as this will be the address to which your Individual

QUESTIONS?  CALL TOLL FREE 1-800-_____

Settlement Payment will be sent if you did not request to exclude yourself from the case and the Settlement.

C.     **Individual Settlement Payment checks must be cashed soon after receipt.**     Monies represented by checks that remain uncashed 180 days after the date of issuance will be voided and the monies represented by those uncashed checks will be remitted to the California Industrial Relations Unpaid Wage Fund to handle on your behalf.  If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

32081245.1

**QUESTIONS?  CALL TOLL FREE 1-800-_____**

# EXHIBIT 2

# CLAIM FORM

*Frank Leitzbach v. Atlas Van Lines, Inc.*
Case No. 2:16-cv-08790-GW-E

# TO RECEIVE A PAYMENT, YOU MUST <u>SIGN</u> AND SUBMIT THIS FORM BY [<u>DATE</u>].

**Return this Claim Form to:**
SETTLEMENT ADMINISTRATOR
ADDRESS 1
CITY, STATE, ZIP
FAX NO.; E-MAIL

| | |
|---|---|
| **Class Member Name** | Name: _____ |
| **Address1** | Address 1: _____ |
| **Address2** | Address 2: _____ |
| **City, State, Zip** | City, State, Zip: _____ |

You are receiving this Claim Form because you were a California resident who was qualified to drive under Atlas Van Lines, Inc.'s ("Atlas") United States Department of Transportation Authority at some time from October 25, 2012 through [date] and you actually contracted and drove for Atlas or one of its Agents during that period ("Class Member").

Atlas' records show that you were qualified during _____ Compensable Workweeks.  Based on those records, your estimated payment is $_____.  **You may be entitled to a larger payment, based upon the number of Class Members that actually submit a valid and timely Claim Form.**

I want to participate in and collect money as part of the settlement of this action.  I understand that I am giving up and releasing my rights to pursue any and all claims that were alleged or that could have been alleged in the operative complaint based on the facts, allegations, and legal theories raised in the operative complaint including all of the following claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever (whether or not the factual cause of the alleged underpayment or violation was alleged with particularity in the operative complaint): (a) failure to pay minimum wages, straight time wages, or overtime wages; (b) failure to provide proper meal and rest periods, to properly provide premium pay in lieu thereof, or to properly calculate premium pay in lieu of meal and rest periods; (c) failure to reimburse or indemnify employees for losses or expenditures incurred; (d) failure to provide complete and/or accurate wage statements; (e) failure to timely pay wages due or final wages due; (f) unfair business practices; (g) civil penalties under the Private Attorneys General Act ("PAGA"); (h) misclassification of employees as independent contractors; (i) willful misclassification of employees as independent contractors; (j) any other claims or penalties under the wage and hour laws pleaded in the Action; (k) any other claims or penalties under the wage and hour laws pleaded in the operative complaint or that could have been pleaded in the operative complaint against the Released Parties based on the facts alleged in the operative complaint pursuant to Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 221, 223, 226, 226.3, 226.7, 226.8, 400-410, 510, 512, 558, 1193.6, 1194, 1194.2, 1197, 1197.1, 1198, 2802, 2699 et seq., Business & Professions Code section 17200 et seq., Code of Civil Procedure section 1021.5, 29 C.F.R. § 785.22, applicable sections of the California Industrial Wage Orders, and applicable sections of the California Code of Regulations, all claimed or unclaimed compensatory, consequential, incidental, liquidated, punitive and exemplary damages, penalties, restitution, interest, costs and attorneys' fees, injunctive or equitable relief, and any other remedies available at law or equity, and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including but not limited to the

**Questions?  Please call 800-___-____**
Fax Number: 800- ___ -_____ / E-Mail: _____@_____

California Labor Code as to the facts, legal theories, and causes of action alleged in the operative complaint, the applicable Wage Orders as to the facts, legal theories, and causes of action alleged in the operative complaint, and the California Unfair Competition Law as to the facts, legal theories, and causes of action alleged in the operative complaint (collectively, the "Released Claims").

_____        _____
*Signature*                                               *Date*

*If you disagree with the employment dates listed above, please contact the Settlement Administrator*
*immediately. You will be asked to provide documents to support your dispute.*

**Atlas will not take any adverse action against you and will not**
**target, retaliate, or discriminate against you because of your decision to either**
**participate or not participate in this Settlement.**

32081294.1

**Questions?  Please call 800-___-____**
**Fax Number: 800- ___ -_____ / E-Mail: _____@_____**